### PICKFORD et al. v. WOOD. *

(Circuit Court of Appeals, Third Circuit. May 7, 1924. Rehearing Denied August 8, 1924.)

#### No. 3141.

1. **Corporations ⬦⇒542(1)—Purchase of property not a sale and conveyance by insolvent corporation.**

   A purchase of property and payment of purchase price is not within Corporation Act N. J. § 64, prohibiting sales and conveyances of property by insolvent corporation.

2. **Corporations ⬦⇒548(3)—Return of consideration held condition precedent to recovery of property.**

   Under Corporation Act N. J. § 64, rendering void as to creditors certain conveyances of property by insolvent corporation, return of consideration is condition precedent to right to recover property.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by A. W. Pickford and others, as creditors' committee of the Empire Tire & Rubber Corporation, against Arthur H. Wood, sole acting receiver of the Empire Tire & Rubber Corporation. Decree for defendant, and plaintiffs appeal. Affirmed.

Scott Scammell, of New York City, for appellants.

John R. Hardin, of Newark, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and SCHOONMAKER, District Judge.

SCHOONMAKER, District Judge. This case involves the administration of an equity receivership of the Empire Tire & Rubber Corporation, under the jurisdiction of the District Court for the District of New Jersey.

On March 23, 1921, the District Court, on petition of a simple contract creditor and with the consent of the corporation, appointed two receivers for the Empire Tire & Rubber Corporation, to conserve the assets for the benefit of creditors and shareholders. These receivers carried on the business of the corporation up until a time when they presented a petition to the court for the sale of all the corporate property and assets, and such proceedings were had upon that petition that a sale of all the corporate property and assets was made and confirmed

---

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 266 U. S. —, 45 Sup. Ct. 96, 69 L. Ed. —.

by decree of the District Court. The present appellants, designated as a creditors' committee of the corporation, by permission of the court, intervened in the receivership proceedings, and were heard before the court in the course of the various proceedings had for the management, control, and disposition of the corporate assets. In the meantime, one of the receivers resigned, and the appellee, Arthur H. Wood, is now the sole acting receiver.

After all of the corporate assets had been sold and disposed of by the decree of the court, the creditors' committee came before the court on October 13, 1923, with a petition asking that an action be brought against White & Associates, Inc., to recover an alleged preferential transfer of property to it in the sum of $106,517.33, and also making request for the removal of the present receiver, Arthur H. Wood, because of disqualification, in that he permitted, during the receivership, the continuance of the same alleged unlawful preference, and also asking for the appointment of a new receiver in his place for the purpose of bringing said suit, and also asking the court, in lieu of such removal and the appointment of a new receiver, to direct the present receiver to begin such action for the recovery of the alleged preference. The creditors' committee based their application upon section 64 of the Corporation Act of New Jersey (2 Comp. St. 1910, p. 1638), which provides as follows:

"Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements; nor shall they or either of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency, and every such sale, conveyance, assignment or transfer shall be utterly null and void as against creditors; provided, that a bona fide purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached."

The particular transaction complained of by this committee in their petition is the sale by the corporation between October 1, 1920, and February 21, 1921, of 32 lots of rubber fabric to White & Associates, a New York corporation, and the purchase by the Empire Corporation of 15 lots of the same rubber fabric for $106,517.33. This transaction is alleged to be null and void under the provisions of section 63 of this Corporation Act, because this corporation was at the time insolvent. The consideration for this sale is not set forth, but the petition does show that between the dates of January 11, 1921, and March 23, 1921, White & Associates conveyed this same rubber fabric back to the Empire Corporation for $106,517.33, and that this sum is $8,058.69 in excess of the sum paid by White & Associates to the Empire Company for the same goods. It is further alleged in the petition that the receivers themselves purchased back other lots of this rubber fabric from White & Associates after the receivership was constituted, and this is set out to be such an act of misconduct on the part of the receivers as to justify a surcharge against them in their final accounts, and to render the surviving receiver disqualified to bring the

action for the recovery of the alleged preference from White & Associates. The receiver filed an answer in the nature of a demurrer, and asked the judgment of the court as to whether or not the facts alleged in the petition justified the relief sought by the creditors' committee. The District Court denied the relief prayed for, and held that section 64 had no application to the instant case, and that, if a right of action did exist, it was in fact sold as a part of the corporate assets at the receiver's sale.

We think that the District Court was clearly right in holding that section 64 of the Corporation Act did not apply to the instant case. We arrive at this conclusion because we are clearly of the opinion that the facts set forth in the creditors' petition do not justify the relief sought, even if the corporation be subject to the provisions of the New Jersey act, and that to authorize an action against White & Associates would have been an unjustified expenditure of the funds in the hands of the receiver for the benefit of creditors.

[1] The petition does not ask that the receiver bring an action to recover any property transferred in violation of section 64 of the New Jersey Act, but rather to recover the purchase money paid by the Empire Corporation to White & Associates for property purchased. The act prohibits sales and conveyances of corporate property, and not purchases of property by the corporation. The payment of money for goods purchased is not a sale, conveyance, assignment, or transfer of corporate property prohibited by the act. So far as the petition shows, there were no business dealings between the Empire Corporation and White & Associates, Inc., until the transactions complained of here. Then, for a valuable consideration, the Empire Corporation sold and conveyed to White & Associates, Inc., certain lots of rubber fabric. That part of the transaction the creditors do not object to; at least they are not asking to have it set aside. We therefore must conclude that they consider the sale by the Empire Corporation to White & Associates a valid sale. Therefore, with White & Associates lawfully in possession of the goods in question, the Empire Corporation buys some part of it back and pays therefor the sum of $106,517.33 in cash. That transaction, we say, is not a sale or transfer within the meaning of the Corporation Act. Section 64 contains no provision forbidding purchases of property by an insolvent or failing corporation. It has only to do with sales and conveyances of corporate property.

Then, too, a present consideration was paid by White & Associates at the time of the transfer of the property by the Empire Corporation, and there is no allegation that the corporation had actually suspended its ordinary business at the time of the transaction complained of, and there is no allegation of any fact which would be notice to White & Associates that the Empire Corporation was doing anything else than making an honest use of its credit, even if you regard the whole deal complained of as a mere loan. Therefore there is nothing set out which would attack the bona fides of the purchase, sale, loan, or whatever you might desire to call it. Bona fide transactions for a valuable consideration are preserved by the statute, even though the corporation be insolvent. We regard the transaction complained of in that light.

[2] But, assume either that the original sale from the Empire Corporation to White & Associates or that the purchase back from White & Associates was void, or even that both transactions were void under section 64, yet the relief sought by the creditors' petition could not lawfully be granted, for in either event the consideration received by the corporation must first be returned to White & Associates as a condition precedent to any right of action to recover. If either transaction is void, both parties will have to be restored to their original position. The creditors of the Empire Company cannot retain the fruits of the transaction on the one part, and ask the other party to pay back the money or property received in the deal between the parties. It would be highly immoral to declare a contract null and void as to one party, and make him give up the fruits of his bargain, while the other party retains what he received by the deal, and recovers back the consideration from the other party. That is neither law nor equity. There is absolutely no merit in the position of the appellants.

We have carefully reviewed the decisions of the courts of New Jersey cited by appellants, and find none that construes section 64 as appellants ask the court to construe it. Actual preference of creditors through sales and transfer have been recovered under that act, as, for instance, where a corporate mortgage was made by a failing corporation and the bonds secured thereby turned over to certain existing creditors, who thereby secured a preference, but in no case could we find where a transfer or sale for a present consideration was disturbed. The creditors allege that the transaction between Empire Corporation and White & Associates created an unlawful preference, but, in order to create a preference, you must first have a claimant to prefer. At the time of the inception of this deal, White & Associates were not creditors. There is no allegation that they had a claim of any sort against the Empire Corporation. How could they be preferred until they became creditors? If they became creditors by the original purchase of the 32 lots of rubber, and the bona fides of that transaction is not attacked, they secured thereby the lawful possession of the rubber, and the later repurchase of the same by the Empire Company could not be set aside as null and void, without the return of the rubber to White & Associates. So that, from whatever angle you approach the case, there is no basis alleged in the creditors' petition for relief that they are asking.

The insufficiency of the allegations of the petition to bring the case within section 64 of the New Jersey Act makes it unnecessary to discuss any other questions raised by appellants.

The decree appealed from is affirmed.